**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AUREL SMITH, *on behalf of himself and all similarly situated prisoners at Coxsackie Correctional Facility*,

                              Plaintiff,

      - v -                          Civ. No. 9:10-CV-1532
                                               (NAM/RFT)

DAVID F. MARTUSCELLO, JR., *Superintendent, Coxsackie Correctional Facility*; BRIAN S. FISCHER, *Commissioner of DOCS*; LUCIEN J. LECLAIRE, *Deputy Commissioner for Facility Operations*; KAREN BELLAMY, *Director, Inmate Grievance Committee*,

                              Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

AUREL SMITH
02-A-6279
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13021

**RANDOLPH F. TREECE, United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a Complaint and an Amended Complaint filed, pursuant to 42 U.S.C. § 1983, by *pro se* Plaintiff Aurel Smith. Dkt. No. 1, Compl.; Dkt. No. 2, Am. Compl.[1] Plaintiff, who is currently incarcerated at Auburn Correctional Facility, has also filed a Motion for Leave to Proceed *in Forma Pauperis* (IFP), an Inmate Authorization Form, and a Motion for Appointment of Counsel. Dkt. Nos. 3-5. Plaintiff claims that David F. Martuscello, Jr.,

---

[1] Plaintiff's Original and Amended Complaint were sent to the Court at the same time. The Original Complaint, dated November 16, 2010, is written on one of the forms typically used by inmates seeking to pursue civil rights litigation under 42 U.S.C. § 1983. *See* Dkt. No. 1, Compl. The Amended Complaint, dated December 16, 2010, is handwritten and is significantly longer, and more detailed, than the Original Complaint. Dkt. No. 2, Am. Compl. The Amended Complaint also has numerous Exhibits attached thereto. Federal Rule of Civil Procedure 15(a)(1)(A) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the complaint, and within other specified time limitations not here relevant. Since the Original Complaint had not yet been served, Plaintiff's Amended Complaint was properly filed as of right. It is this pleading that is the focus of our review.

Superintendent of Coxsackie Correctional Facility, Brian S. Fischer, Commissioner of the Department of Correctional Services (DOCS), Lucien J. LeClaire, Deputy Commissioner for Facility Operations, and Karen Bellamy, Director, Inmate Grievance Committee (hereinafter "Defendants" or "Supervisory Defendants") violated his civil rights by allowing and enabling widespread prisoner abuse by their subordinates and by failing to correct the constitutional violations that have been brought to their attention through numerous avenues, including disciplinary hearing appeals, grievance appeals, prisoner letters, and even Inspector General inquiries.

### A. *In Forma Pauperis* Application

Turning first to Plaintiff's *In Forma Pauperis* Application, after reviewing the entire file, the Court finds that Smith may properly proceed with this matter *in forma pauperis*.

### B. Class Action and Anonymous Plaintiffs

Smith asserts that he is bringing this action on his own behalf and on behalf of all other inmates similarly situated that are housed in Coxsackie (and possibly all inmates in DOCS' custody). By his Amended Complaint, Smith seeks to have this matter certified as a class action under Federal Rule of Civil Procedure 23. Am. Compl. at ¶¶ 4 & Prayer for Relief.  It is well settled, however, that a class action cannot be maintained by a *pro se* litigant as non-attorneys may not represent anyone other than themselves. *Miller v. Zerillo*, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C. § 1654. Because Smith is not an attorney, we recommend that his request to have this matter class certified be **denied** without prejudice for renewal in the event an attorney appears on Smith's behalf.

### C. Appointment of Counsel

Next, we turn to Plaintiff's Motion for the Appointment Counsel. Dkt. No. 5. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits of the claims. *McDowell v. State of New York*, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).

This action was only recently commenced. Defendants have not yet been served with the Amended Complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's Amended Complaint wherein he states the facts surrounding his claim. As noted below, based upon Plaintiff's submissions, it is this Court's recommendation that most of Plaintiff's claims lack merit or fail to assert a cause of action.

In light of the foregoing, the Court **denies** Plaintiff's Motion for Appointment of Counsel **without prejudice**. Plaintiff is advised that, should this case proceed, any future motion for appointment of counsel must be accompanied by documentation that substantiates Plaintiff's efforts to obtain counsel from the public and private sector.

### D. Initial Screening

Because the Court has granted Plaintiff's IFP Application, the Court must now consider the sufficiency of the allegations that he has set forth in his Amended Complaint in light of 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b). Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999).

Although a court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action IFP.

Additionally, when reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets

forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and emphasis omitted).

In reviewing a complaint, a court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 555 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir.

2009).

Moreover, the law in this Circuit clearly provides that "complaints based on civil rights statutes must include specific allegations of facts showing a violation of rights 'instead of a litany of general conclusions that shock but have no meaning.'" *Garg v. Albany Indus. Dev. Agency*, 899 F. Supp. 961, 967 (N.D.N.Y. 1995) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)). This pleading requirement "has been scrupulously . . . observed . . . because leveling civil rights charges against anyone carries serious consequences distinct from those accompanying garden-variety tort or breach of contract claims." *Carrasco v. New York City Off-Track Betting Corp.*, 858 F. Supp. 28, 31 (S.D.N.Y. 1994) (citation omitted).

### E. Review of Plaintiff's Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

By his Amended Complaint, Plaintiff asserts that the Supervisory Defendants have allowed, and in many ways enabled, the staff at various correctional facilities across New York State to abuse their power and create an atmosphere of fear and intimidation, which results in pervasive and systematic violations of prisoners' civil rights. In the Amended Complaint, Plaintiff traverses through his experiences and observations during his incarceration in various correctional facilities

from 1996 through 2010. Several times throughout this narrative, Plaintiff states that he provides an account of these earlier events merely as context for his action. *See, e.g.,* Am. Compl. at ¶¶ 17 ("The foregoing has been recounted, although not the instant causes of action, in order to give context to the matter of guard brutality . . . .") & 79 ("The preceding account of experiences and description of conditions at all of the facilities other than Coxsackie has been given to contextualize [sic] the situation of guard brutality, manipulation of the disciplinary program, ineffectiveness of the current grievance program . . . ."). But, given his multiple references to pervasive conduct occurring in all DOCS facilities, it is not entirely clear to this Court where he draws the line between actionable conduct and "context." Notably, much of the events described by Plaintiff occurred outside the applicable three-year statute of limitations period for § 1983 actions.[2] *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action); *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which, for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years); N.Y.C.P.L.R. § 214(5). Thus, any allegations stemming from events occurring prior to November 16, 2007,

---

[2] Plaintiff's Original Complaint is dated November 16, 2010, while his Amended Complaint is dated December 16, 2010; both were received and docketed on December 20, 2010. An inmate's complaint is deemed "filed" when it is delivered to prison officials. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993); *Pritchard v. Kelly*, 2000 WL 33743378, at *2 n.2 (N.D.N.Y. Oct. 3, 2000). The date that a prisoner signed his complaint is presumed to be the date he gave the complaint to prison officials to be mailed. *Mingues v. Nelson*, 2004 WL 324898, at *3 (S.D.N.Y. Feb. 20, 2004) (citing, *inter alia*, *Houston v. Lack*, 487 U.S. 266, 270 (1988)). In this case, Plaintiff provided two pleadings in the same envelope. Giving Plaintiff all due liberality, we will utilize the date of his Original Complaint, November 16, 2010, as the date this action is deemed to have been filed and will be used for purposes of determining the applicable limitations period. *Dory v. Ryan*, 999 F.2d at 682.

should be **dismissed** as time-barred.

In light of the above recommendation, this Court will only review those portions of the Amended Complaint that deal with alleged constitutional violations occurring on or after November 16, 2007. The Court notes that within this condensed time-frame, much of the Amended Complaint is focused on the alleged constitutional violations suffered by other inmates, not Plaintiff. Again, because Plaintiff insists that he is presenting this information in order to frame the issue, we are not sure whether he is attempting to assert claims on behalf of these other inmates. In this regard, within the following analysis, we are guided by the fact that federal courts may only decide "Cases and Controversies." U.S. CONST. art. III, § 2; *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). To have Article III standing, 1) a plaintiff must have suffered an injury in fact, 2) there must be a causal connection between the injury and the conduct complained of, and 3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. at 560. Furthermore, in order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived **him** of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)) (emphasis added).

Within the relevant time-frame, Plaintiff was incarcerated at the following correctional facilities: 1) Clinton Correctional Facility, from 2005 to September 2007; 2) Upstate Correctional Facility, from November 2007 to February 2008; 3) Great Meadow Correctional Facility, from February 2008 to January 2009; and 4) Coxsackie Correctional Facility, from January 2009 to July

2010. Am. Compl. at ¶¶ 36, 69-71, & 77-78.

During his time in Clinton, Plaintiff alleges that he learned of a pattern of guard brutality and sought, unsuccessfully, to remedy the situation through his participation on the Inmate Liaison Committee (ILC). *Id*. at ¶¶ 37-40.  In September 2007, while at Clinton, Plaintiff received a false misbehavior report stemming from an incident between staff and inmates, which Plaintiff claims is a perfect example that highlights the pattern of abuse. *Id*. at ¶¶ 50-52.  According to Plaintiff, during this incident, a correction officer, who is not named as a Defendant in this action, was verbally abusive to the inmates and selected one particular inmate, not Plaintiff, to abuse, both verbally and physically.  *Id*. at ¶¶ 53-64.  The offending officer(s) were not penalized for their misconduct; instead each inmate (approximately 36-40 inmates) was given a false misbehavior report.  *Id*. at ¶ 65.  As a result of this incident, Plaintiff was transferred to Upstate.  *Id*. at ¶ 69.

None of the above allegations amount to constitutional violations.  First, prisoners have no constitutional right to be free from being falsely accused. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that prison inmates do not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest[]").  Plaintiff does not claim that such report was issued against him as retaliation for his participating in some protected conduct, nor does he allege that he was deprived of a liberty interest without first receiving due process.  Thus, Plaintiff fails to state a claim for substantive and/or procedural due process violation under the Fourteenth Amendment.  Second, a claim brought under § 1983 is "not designed to rectify harassment or verbal abuse."  *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that ordinarily, a claim

for verbal harassment is not actionable under § 1983). Moreover, "verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. at 474 (internal quotation marks and citations omitted) (cited in *Garrett v. Reynolds*, 2003 WL 22299359, at * 4 (N.D.N.Y. Oct. 7, 2003)). Third, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir. 1989) (cited in *O'Diah v. Mawhir*, 2010 WL 6230937, at *7 (N.D.N.Y. Dec. 14, 2010)). Indeed, it is the Department of Correctional Services (DOCS) who possess sole discretion to determine "where a [state] inmate will be housed." *Grullon v. Reid*, 1999 WL 436457, at * 10 (S.D.N.Y. Jun. 24, 1999) (citing *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995)); 18 U.S.C. § 3621. Lastly, under these circumstances, Plaintiff has no standing to assert any purported constitutional violation of any other inmate at Clinton.

Thus, nothing stemming from Plaintiff's incarceration with Clinton amounts to a constitutional violation and such portions of his Amended Complaint should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Plaintiff does not include any allegations pertaining to his incarceration at Upstate, and he specifically notes that from February 2008 through January 2009, while incarcerated at Great Meadow, he was not subjected to physical abuse by the corrections officers, but became aware of the abuse other inmates suffered. Am. Compl. at ¶¶ 73-74. He also claims he was threatened and harassed many times and that he once received a "miscellaneous" misbehavior report on which the hearing officer offered him leniency if he pled guilty to the charge. *Id*. at ¶¶ 73 & 76. Because, as

explained above, none of the conduct complained of amounts to constitutional violations, we recommend that such portions of his Amended Complaint pertaining to his time incarcerated at Upstate and Great Meadow be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The rest of the Amended Complaint focuses on Plaintiff's incarceration at Coxsackie. Before expounding upon his experiences at Coxsackie, Plaintiff once again reminds us that the entire

> preceding account of experiences and description of conditions at all of the facilities other than Coxsackie has been given to contextualize [sic] the situation of guard brutality, manipulation of the disciplinary program, ineffectiveness of the current grievance program, failure of DOCS executive officials to implement/enforce policies that actually curb and eliminate staff abuse, and administrative tolerance/acquiescence of such staff abuse, as well as the deliberate indifference to such abuses and conditions which reinforce them by DOCS officials at the supervisory, administrative and executive levels, rather than being something unique or isolated to Coxsackie C.F. only.

*Id.* at ¶ 79.

Plaintiff asserts that upon his arrival to Coxsackie, he was issued a false misbehavior report that was issued solely to harass or "initiate" plaintiff and other inmates and to introduce them to the practice known as "burning prisoners." *Id.* at ¶¶ 81-83. Plaintiff also claims he was harassed on several unspecified occasions and that his grievances regarding the staff harassment were not properly investigated. *Id.* at ¶¶ 85-97. In July 2009, Plaintiff received a false misbehavior report from CO Stevens, who is not a defendant in this action. *Id.* at ¶ 98. Plaintiff claims that this false report was issued as retaliation for his filing grievances against CO Stevens between May and July 2009. *Id.* at ¶¶ 96-98. The day after he received the misbehavior report, Plaintiff received another false misbehavior report relating to CO Stevens; this report was authored by CO Smith, who is also not a defendant in this action. *Id.* at ¶¶ 99-100. Plaintiff asserts that several of his grievances against these COs were not properly investigated. *Id.* at ¶¶ 101-06. By these allegations, it appears

to the Court that Plaintiff is attempting to assert causes of action, at the very least, for retaliation. However, this entire discussion is followed with this statement:

> The foregoing account has been given to give background descriptions how inmates are and maybe so easily issued fabricated misbehavior reports with findings of guilt . . . against them, hence officers' wrongful manipulation of the inmate disciplinary program, as well as, the ineffective and inadequate nature of the inmate grievance program when it comes to complaints against officer misconduct.

*Id*. at ¶ 107.

None of the named Supervisory Defendants are implicated in any way in the allegedly retaliatory misbehavior reports, nor are their allegations of fact regarding their involvement in resolving the grievances filed. Thus, taking Plaintiff's above statement as truth, and in light of the fact that he does not name Officers Stevens and Smith as defendants in this matter, we find that Plaintiff is not attempting to bring retaliation claims, and to the extent that he is, such should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Plaintiff utilizes the next sixty-eight paragraphs as a means of further illustrating the alleged pattern of mistreatment and abuse of several other inmates, none of which affected his constitutional rights. *Id*. at ¶¶ 108-76. To the extent Plaintiff is attempting to raise constitutional violations on behalf of other inmates, such claims should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Next, Plaintiff states that on April 20, 2010, he was attacked by several correctional officers, none of which are named as defendants in this action. *Id*. at ¶¶ 177-91. Following this incident, Plaintiff was given a false misbehavior report, placed in a special housing unit, and transferred from Coxsackie in July 2010. *Id*. at ¶ 191. Plaintiff also states that he filed a grievance, which was denied by Defendant Superintendent Martuscello. *Id*. at ¶ 204. Defendant Martuscello also ignored Plaintiff's request that criminal charges be lodged against the offending officers and failed to initiate

an investigation, or ask the Inspector General to launch one. *Id*. at ¶¶ 211-13. He asserts, in conclusory fashion, that Defendants Martuscello, Fischer, LeClaire, and Bellamy were deliberately indifferent "in allowing matters of guard brutality to not only occur but to become so pervasive and widespread that such is now systemic." *Id*. at ¶ 222.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003)). Conduct prohibited under the Eighth Amendment includes the use of excessive force wherein (1) objectively, that the defendant's actions violated "contemporary standards of decency," and (2) subjectively, that the defendant acted wantonly and in bad faith. *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks and citations omitted). Plaintiff may have stated enough to pursue an Eighth Amendment violation, however, he has not named any of the officers allegedly involved. Pointedly, an individual cannot be held liable for damages under § 1983 merely because he holds a position of authority, but he can be held liable if he was personally involved in the alleged deprivation.

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

In this regard, we find that Plaintiff has adequately pled that Defendant Superintendent Martuscello may be held liable, at least at the pleading stage, for his supervisory acts that fall under one or more

of the categories above. However, Plaintiff has not provided enough factual allegations to implicate the other three Defendants in any wrongdoing. With regard to Defendant Fischer, who is the DOCS Commissioner, Plaintiff does not provide factual allegations showing that Defendant Fischer could be held personally liable for any of the complained conduct that Plaintiff personally endured. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)) ("[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections . . . in a § 1983 claim."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (defendant may not be held liable simply because he holds a high position of authority). Similarly, Plaintiff only provides conclusory statements of alleged wrongdoing by Defendants LeClaire and Bellamy, such as criticizing the general safety provided for inmates and the inadequacies of the grievance program. Such conclusory statements are not accorded the same weight as factual allegations and fail to amount to a cognizable cause of action. Therefore, the Court recommends that Defendants Fischer, LeClaire, and Bellamy be **dismissed** from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim against them.

### F. Conclusion

Based on the above recommendations, it is this Court's position that all causes of action should be dismissed except one: the Eighth Amendment claim against Defendant Martuscello stemming from the alleged assault Plaintiff received on April 20, 2010. All other claims should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a cognizable cause of action.

Plaintiff's Amended Complaint is quite voluminous, consisting of more than three hundred twelve paragraphs and spanning fifty-four handwritten pages. In the event this Court's recommendations are accepted, we believe that a pleading of this magnitude (much of which may

be inactionable) poses far too great of a burden on the remaining Defendant to answer and parse through the allegations that remain viable from those that are presented as background or context. Thus, if the within recommendations are adopted, we further recommend that Plaintiff be directed to amend his Amended Complaint and only include the remaining cause of action, Eighth Amendment, against the remaining Defendant, Martuscello. Plaintiff may, if he so chooses, add the officers whom he alleges were personally involved in the assault.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 3) is **granted;**[3] and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 5) is **DENIED** without prejudice; and it is further

**RECOMMENDED**, that the Plaintiff's Request in his Amended Complaint for Class Certification be **denied without prejudice** with leave to renew in the event the Plaintiff obtains an attorney to represent him in this matter; and it is further

---

[3] Although his *In Forma Pauperis* Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that the entire Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, with the exception of the Eighth Amendment claim asserted against Defendant Martuscello; and it is further

**RECOMMENDED**, that in light of size of the Amended Complaint and the few allegations that may survive should the above recommendation of dismissal be adopted, Plaintiff should be directed to file a second amended complaint limited to the surviving Eighth Amendment claim. Plaintiff may, if he wishes, also add as Defendants the various officers he alleges participated in the April 20th assault; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   June 3, 2011
       Albany, New York

                                      RANDOLPH F. TREECE
                                      United States Magistrate Judge