UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**AUREL SMITH, on behalf of himself and all similarly situated prisoners at Coxsackie Correctional Facility,**

                                          **Plaintiff,**

                        **- v -**                                       **9:10-CV-1532 (NAM/RFT)**

**DAVID F. MARTUSCELLO, JR., Superintendent, Coxsackie Correctional Facility; BRIAN S. FISCHER, Commissioner of DOCS; LUCIEN J. LECLAIRE, Deputy Commissioner for Facility Operations; KAREN BELLAMY, Director, Inmate Grievance Committee,**

                                          **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
AUREL SMITH
02-A-6279
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13021

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Plaintiff *pro se*, an inmate in the custody of New York Department of Corrections ("DOCS"), filed a putative class action complaint and an amended complaint (Dkt. Nos. 1, 2) for injunctive and declaratory relief under 42 U.S.C. § 1983. He brings the action on his own behalf, alleging he was abused in violation of his constitutional rights while he was incarcerated at Coxsackie Correctional Facility ("Coxsackie") from January 2009 to July 2010, and on behalf of all current and former inmates at Coxsackie who, while there, experienced "physical abuse in the form of guard brutality." Plaintiff claims that defendants, Coxsackie Superintendent David F.

Martuscello, Jr. ("Martuscello") and three DOCS officials (Brian S. Fischer, DOCS Commissioner; Lucien J. Leclaire, Deputy Commissioner for Facility Operations; and Karen Bellamy, Director of the Inmate Grievance Committee) ("DOCS defendants"), maintained a policy of tolerating pervasive abusive conditions in DOCS facilities and failed to remedy the conditions after learning of them.

United States Magistrate Judge Randolph F. Treece has issued a thorough Report and Recommendation (Dkt. No. 9) recommending that this Court grant plaintiff's application for *in forma pauperis* status. He recommends that the Court deny assignment of *pro bono* counsel without prejudice on the ground that plaintiff has not shown that the action has sufficient merit. He also recommends that the Court deny certification of a class action, because a class action cannot be maintained by a *pro se* litigant. Upon preliminary review of the amended complaint under 28 U.S.C. § 1915A, Magistrate Judge Treece recommends dismissal of all allegations regarding plaintiff's experiences in other correctional facilities prior to his transfer to Coxsackie in January 2009; dismissal of all allegations concerning events occurring more than three years prior to the filing of the complaint on statute of limitations grounds; and dismissal of all claims stemming from plaintiff's incarceration at Coxsackie except plaintiff's Eighth Amendment claim against Martuscello stemming from the alleged assault on plaintiff on April 20, 2010. Plaintiff filed a lengthy objection (Dkt. No. 11) and a supplemental objection (Dkt. No. 12) to the Report and Recommendation.

Subsequent to Magistrate Judge Treece's Report and Recommendation, the Second Circuit decided *Amador v. Andrews*, 2011 WL 3629717 (2d Cir. Aug. 19, 2011), holding that, to challenge a DOCS policy or lack of a policy, an inmate must show that he or she suffered a

concrete injury and that the injury resulted from the policy or lack thereof. *See id.* at *7. In addition, the inmate must have exhausted the available internal remedies by filing and pursuing a grievance raising not only the individual injury but also the related challenge to the policy. *See id.* at *10. Upon satisfying these requirements, a plaintiff may be eligible to proceed as class representative in a class action on behalf of himself or herself and all other inmates affected by the policy. *See id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews the issues *de novo*. The Court adopts Magistrate Judge Treece's summaries of the factual background, the applicable law regarding *pro se* pleadings, and the standards for conducting preliminary review under 28 U.S.C. § 1915A. Upon *de novo* review, and in view of plaintiff's objection as well as the decision in *Amador*, the Court rejects the Report and Recommendation in part and accepts it in part.

The Court agrees with Magistrate Judge Treece that plaintiff is entitled to *in forma pauperis* status. Accordingly, the Court is required to conduct preliminary review under 28 U.S.C. § 1915A. In doing so, the Court considers not only the amended complaint but also plaintiff's objection, which is helpful in clarifying what claims the amended complaint is intended to assert.

The amended complaint alleges that at Coxsackie on April 20, 2010, plaintiff was attacked by several corrections officers; that he was then given a false misbehavior report, placed in a special housing unit, and transferred out of Coxsackie in July 2010; that he filed a grievance regarding the incident; and that defendant Martuscello denied the grievance and failed to initiate or request an investigation. The amended complaint is also replete with allegations regarding harassment and abuse of plaintiff and other inmates at Coxsackie between January 2009 and July

-3-

2010, and at other facilities at which plaintiff was incarcerated during earlier periods. Plaintiff further alleges that he filed several grievances and grievance appeals in 2009 and 2010. Plaintiff does not dispute Magistrate Judge Treece's characterization of the case as claiming that defendants "violated [plaintiff's] civil rights by allowing and enabling widespread prisoner abuse by their subordinates and by failing to correct the constitutional violations that have been brought to their attention through numerous avenues, including disciplinary hearing appeals, grievance appeals, prisoner letters, and even Inspector General inquiries." In his objection, plaintiff adds that he asserts the claims on behalf of himself stemming from his experiences at Coxsackie, and on behalf of all current and former inmates at Coxsackie who, while there, experienced "physical abuse in the form of guard brutality." He seeks injunctive and declaratory relief.

For purposes of section 1915A review, the Court finds plaintiff's allegations sufficient to withstand dismissal of plaintiff's claim that he suffered injury at Coxsackie, and that the injury stemmed from a DOCS policy or lack thereof. *See Amador*. The Court also finds allegations sufficient at this point to withstand dismissal of the supervisory liability claims against each of the four defendants on the ground that (1) he or she created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom, and/or (2) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[1] In this case, a thorough review of the sufficiency of the allegations should await full

---

[1] The applicability of *Colon* in certain cases has been eliminated by *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009), and the Second Circuit has not yet clarified *Colon* in the wake of *Iqbal*; however, the general consensus among district courts is that *Colon* continues to apply to cases, such as the instant case, alleging violations of an inmate's Eighth Amendment rights. *See, e.g., Plair v. City of N.Y.*, 2011 WL 2150658, *4-*5 (S.D.N.Y. May 31, 2011) (citing cases).

briefing on a motion to dismiss. The question of whether plaintiff has satisfied the exhaustion requirement regarding his individual injury and his related challenge to DOCS policy will be addressed at a later time.[2]

As for the allegations regarding harassment and abuse of other inmates at Coxsackie, and harassment and abuse of plaintiff and other inmates at other facilities where plaintiff was incarcerated during earlier periods, plaintiff clarifies that the purpose of these allegations is to support his position that:

> although the abuses and wrongs seeking redress via definitive causes of action in this proceeding result from occurrences at Coxsackie C.F., said systemic abuses occurring at Coxsackie C.F. result in part (or in addition to the deliberate indifference on the part of Defendant Martuscello as the Coxsackie C.F. Superintendent) from how department officials [such as the DOCS defendants] ... manage (or rather fail to properly manage) matters of guard brutality.

Viewing these allegations not as grounds for distinct causes of action, but rather as evidence intended to show a pervasive policy and support supervisory liability, the Court finds that they are not necessarily subject to dismissal, at least at this point. Again, a thorough review of the sufficiency of the allegations should await full briefing on a motion to dismiss. Thus, on preliminary review under section 1915A, the Court declines to dismiss any part of the amended complaint.

Plaintiff cannot, of course, prosecute a class action *pro se*, and he requests the appointment

---

[2] On this section 1915A review, the Court does not consider whether plaintiff properly exhausted (or is excused from exhausting) both his individual claim and his related claim for changes in policies and procedures, because exhaustion is an affirmative defense and need not be pleaded. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). The Court notes that the exhaustion requirement may implicate issues not presently before the Court, including the continued viability of the Second Circuit jurisprudence on exhaustion in light of *Woodford v. Ngo*, 548 U.S. 81 (2006). *See Amador*, 2011 WL 3629717 at *11 (declining to reach the issue).

of *pro bono* counsel.  At this preliminary stage, however, it is unclear whether the case is likely to be of substance so as to warrant appointment of *pro bono* counsel.  Accordingly, as Magistrate Judge Treece recommends, appointment of counsel and class certification are denied without prejudice.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 9) is accepted in part and rejected in part; and it is further

ORDERED that *in forma pauperis* status is granted; and it is further

ORDERED that appointment of counsel is denied without prejudice; and it is further

ORDERED that class certification is denied without prejudice; and it is further

ORDERED on initial review that the case shall proceed on the entire complaint.

IT IS SO ORDERED.

Date:   November 23, 2011

Norman A. Mordue
Chief United States District Court Judge