UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**AUREL SMITH,**

                                        **Plaintiff,**

                      -v-                                       **9:10-CV-1532 (NAM/RFT)**

**DAVID F. MARTUSCELLO, JR., Superintendent, Coxsackie Correctional Facility; BRIAN S. FISCHER, Commissioner of DOCS; LUCIEN J. LECLAIRE, Deputy Commissioner for Facility Operations; KAREN BELLAMY, Director, Inmate Grievance Committee,**

                                        **Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

AUREL SMITH
02-A-6279
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13021
Plaintiff, *Pro Se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Roger W. Kinsey, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Defendants move (Dkt. No. 25) under Fed.R.Civ.P. 12(b)(6) to dismiss this putative class action brought pursuant to 42 U.S.C. § 1983. In his *pro se* amended complaint (Dkt. No. 2), plaintiff, an inmate in the custody of New York Department of Corrections and Community Services ("DOCCS"), claims defendants allowed and enabled widespread prisoner abuse and failed to correct the constitutional violations of which they had knowledge. Plaintiff does not

claim money damages and seeks only declaratory and injunctive relief.

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Randolph F. Treece issued a Report and Recommendation (Dkt. No. 29) recommending that the amended complaint be dismissed in its entirety. Plaintiff submits an objection (Dkt. No. 30). He also submits a supplemental objection, which the Court accepts and considers. Thus, plaintiff's motion (Dkt. No. 32) to supplement the objection is granted. The Court conducts *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C).

The Court adopts Magistrate Judge Treece's summary of the facts. Plaintiff's causes of action are based on events occurring at Coxsackie Correctional Facility ("CCF"), where he was housed between January 2009 and July 2010. Very briefly, plaintiff claims that various false misbehavior reports were issued against him at CCF; that he was placed in pre-hearing cell confinement; that he was harassed by corrections officers ("CO's") at CCF; that he was wrongfully found guilty of some misbehavior reports and his grievances wrongfully dismissed; and that several of his grievances against the CO's involved in the various incidents were not properly investigated. None of these CO's are named defendants. Plaintiff explains:

> [T]he foregoing account has been given to give background descriptions how inmates are and maybe so easily issued fabricated misbehavior reports with findings of guilt ensured against them, hence officers' wrongful manipulation of the inmate disciplinary program, as well as the ineffective and inadequate nature of the inmate grievance program when it comes to complaints against officer misconduct.

Plaintiff further alleges that on April 20, 2010, at CCF, he was attacked by several CO's, resulting in physical injuries. None of the CO's who allegedly participated are named as defendants, nor does plaintiff seek money damages for his alleged injuries. After the incident, he was issued a false misbehavior report and placed in a special housing unit. He filed a grievance. Defendant

Superintendent Martuscello denied the grievance, ignored plaintiff's request that criminal charges be filed against the CO's, and failed to initiate or request an investigation. On July 2010, plaintiff was transferred from CCF. In this amended complaint, plaintiff seeks only declaratory and injunctive relief.[1]

As Magistrate Judge Treece explains, a defendant's personal involvement is an essential element of a claim under 42 U.S.C. § 1983. There is no *respondeat superior* liability under section 1983. Rather, the personal involvement of a supervisory defendant may be shown by evidence that the supervisory defendant directly participated in the alleged constitutional violation; failed to remedy the wrong after being informed of the violation; created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; was grossly negligent in supervising subordinates who committed wrongful acts; or exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[2]

In the instant case, none of the CO's allegedly involved in the incidents of which plaintiff complains are named as defendants. The defendants are David F. Martuscello, Jr., Superintendent of Coxsackie Correctional Facility; Brian S. Fischer, Commissioner of DOCCS; Lucien J.

---

[1] Plaintiff filed another case in this district, *Smith v. Wildermuth*, 9:11-CV-241, which is based in substantial part on the alleged beating on April 20, 2010, and which seeks compensatory and punitive damages.

[2] The applicability of *Colon* has been cast into doubt by *Ashcroft v. Iqbal*, 556 U.S. 662, 666-67 (2009), and the Second Circuit has not yet clarified *Colon* in the wake of *Iqbal*; however, the general consensus among district courts is that *Colon* continues to apply to cases, such as the instant case, alleging violations of an inmate's Eighth Amendment rights. *See, e.g., Plair v. City of N.Y.*, 2011 WL 2150658, *4-*5 (S.D.N.Y. May 31, 2011) (citing cases).

Leclaire, Deputy Commissioner for Facility Operations; and Karen Bellamy, Director of the Inmate Grievance Committee. There are no allegations that would support a finding that any of the named defendants were personally involved in any of the incidents of which plaintiff complains, with the exception of defendant Martuscello (discussed below). The Court agrees with Magistrate Judge Treece's analysis and conclusion that all claims against defendants Brian S. Fischer, Lucien J. LeClaire, and Karen Bellamy should be dismissed.

As for defendant David F. Martuscello, Jr., Superintendent of Coxsackie Correctional Facility, plaintiff claims that Martuscello saw plaintiff on April 21, 2010, the day after he was allegedly injured in the attack by the CO's at CCF, but failed to initiate an investigation into the attack; ignored plaintiff's request that he file a criminal complaint; and denied plaintiff's grievance about the incident. At the pleading stage, and in view of plaintiff's *pro se* status, this is sufficient to allege personal involvement by Martuscello in his supervisory capacity under *Colon*. Plaintiff further alleges that Martuscello allowed the abuse and constitutional violations to become "systematic," thus giving rise to ongoing violations of federal law. Plaintiff requests declaratory and injunctive relief. Thus, plaintiff's claims against Martuscello are not necessarily barred by the Eleventh Amendment, which does not bar a plaintiff from suing a state official acting in his official capacity for prospective, injunctive relief from violations of federal law. *See In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

Plaintiff's claims for declaratory and injunctive relief against Martuscello are, however, dismissed on the ground that they are moot. Plaintiff was transferred out of CCF in July 2010 and is currently housed in a different facility. "[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v.*

*Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *accord Young v. Coughlin*, 866 F.2d 567, 568, n.1 (2d Cir. 1989).

In view of this holding, there is no basis for plaintiff to pursue a class action. The complaint is dismissed in its entirety.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 32) to supplement the objection is granted; and it is further

ORDERED that the Report-Recommendation and Order (Dkt. No. 29) is accepted; and it is further

ORDERED that defendants' motion to dismiss the action (Dkt. No. 25) is granted; and it is further

ORDERED that the amended complaint (Dkt. No. 2) is dismissed in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

September 24, 2012
Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge